### JOHNSON CO. v. PENNSYLVANIA STEEL CO.

(Circuit Court, E. D. Pennsylvania. May 14, 1895.)

#### No. 21.

PATENTS—LIMITATION—ROLLING MILLS.
　　The Moxham patent, No. 303,036, for an improvement in rolls for rolling metal blooms or piles into girder shapes, construed as to claim 2, and *held* to be limited to rolls having a "pass" substantially of the contour shown in the drawings, and therefore *held* not to have been infringed.

This was a bill by the Johnson Company against the Pennsylvania Steel Company for infringement of a patent relating to rolling mills.

Harding & Harding, for complainant.
Philip T. Dodge and Joshua Pusey, for defendant.

DALLAS, Circuit Judge.    This is a suit brought by the Johnson Company, a corporation of the state of Kentucky, and having a rolling mill and plant at Johnstown, Pa., against Pennsylvania Steel Company, a Pennsylvania corporation, having a rolling mill and plant at Steelton, Pa., for infringement of the second claim of letters patent No. 303,036, dated August 5, 1884, granted to Arthur J. Moxham, and by him assigned to the complainant.

The claim involved reads as follows:

"(2) A set of rolls for rolling metal blooms or piles into girder shapes, provided with a dummy pass or grooves, having spaces, as at E and D, substantially of the contour indicated in Fig. 2, the desired shape of metal in the space E being imparted by elongation, but in the space D mainly by displacement independently of elongation, all substantially as described and for the purposes set forth."

The learned counsel of the complainant have ingeniously argued "that rolling is a combination of the entering piece and the pass into which it is entered," and that "the true scope of the claim under consideration, to be effective, like all rolling actions, consists in the combination of a piece having certain characteristics, and a pass adapted to act upon that piece in a particular manner." The plaintiff's case rests upon the assumption that the claim should be construed in accordance with the theory thus suggested, but I find it impossible to acquiesce in this. It is strenuously insisted by the defendant that its pass does not act upon the piece in the "particular manner" in which the plaintiff's pass acts upon it; but, waiving this question, it is, at least, clear that the defendant's pass is not "substantially of the contour indicated in Fig. 2" of the patent, and I have no doubt that to the pass so specified the claim in suit should be restricted. To give to the language by which the action of the pass is described the effect of burdening this great industry with a monopoly covering any pass whatever by means whereof the peculiar desired shape may be imparted to the metal, "mainly by displacement independently of elongation." would be to construe the patent as for the mechanical operation or function of the device, and this, too, in contravention of the plain terms of the claim, by which a particular structure is specifically designated.

The bill is dismissed.